### GRAHAM v. BEAVER HILL COAL CO.

(Circuit Court, D. Oregon. February 24, 1905.)

#### No. 2,754.

1. **VENDOR AND PURCHASER—RESCISSION OF CONTRACT—USE AND OCCUPATION.**

    Complainant, while in possession of certain land under contract of purchase, erected certain buildings thereon, which were occupied by defendant, and thereafter rescinded the contract and relinquished to the vendor all rights, issues, and profits theretofore arising from the land. Complainant then recovered from the vendor all moneys paid by him on the contract of purchase, with interest, and then sued defendant for use and occupation of such building. *Held,* that the profits derived from such use and occupation belonged to the vendor, and, he having demanded that defendant attorn to him therefor, complainant was not entitled to recover.

2. **SAME—ACTS OF AGENT—DEFENSES.**

    Where the improvements for the use of which suit was brought had been constructed by complainant while he was manager of defendant, and paid for with defendant's money, the buildings so constructed, so far as complainant was concerned, were the property of defendant, for the use of which defendant was not liable to complainant.

E. B. Watson, for complainant.

Williams, Wood & Linthicum and J. S. Coke, for defendant.

BELLINGER, District Judge. This is a suit for an accounting for the use and occupation by the defendant of some 30 dwelling houses, four cabins, a store, garden house, carhouse, cattle yard and pens, and garden and pasture, for a period from the 3d day of December, 1897, to the 9th of April, 1902. It is alleged that the reasonable value of the use and occupation in question is $17,464.36.

The averments of the answer are to the following effect: From

March 21, 1885, to April 9, 1892, Graham, the complainant, was in possession of the tract of land upon which the buildings in question were erected, under a contract with one Merchant, the owner, by which the latter agreed to convey said land to Graham upon certain payments stipulated as the price therefor. About April 9, 1902, the complainant rescinded the contract, and "relinquished and surrendered to Merchant all rights, issues, and profits theretofore arising from said land." Graham brought an action against Merchant, and recovered judgment for all moneys paid by him on the contract of purchase, with interest. During Graham's possession of the land in question, and prior to 1897, he was the general manager of the defendant company, and during such time he built, with the defendant's money, the dwellings and other buildings for the use and occupation for which the suit is brought. These improvements have been occupied from time to time by miners employed at the mine of the defendant and at the mine of the Beaver Coal Company, of which latter company Graham was also at the time manager, and the defendant has received as rents for such use various sums aggregating $1,463.67. During a portion of the years 1898 and 1899, one W. W. Catlin was the receiver of the property of the defendant in a suit wherein said Graham was plaintiff and this defendant and others were defendants, and during such receivership such receiver rented the improvements referred to, to the Beaver Coal Company, at an agreed rental aggregating $856.95. Graham was the manager of the latter company at the time. The receiver never, in fact, collected this rental. He recovered judgment therefor, but, because of the bankruptcy of the Beaver Coal Company, nothing was ever collected on the judgment. The answer further alleges that Merchant, the owner of the premises, has demanded that the defendant attorn to him for such occupation and use. It is also alleged that the complainant ought not to be permitted to assert any claim "for said alleged rents, issues, profits, or any other matters or things whatsoever happening or occurring prior to the 8th day of June, 1899, for that on said date said complainant, for good consideration, executed and delivered a written release to and in favor of this defendant, wherein and whereby he acknowledged full and complete satisfaction of all claims and demands which he then had or might claim to have against this defendant." The complainant excepts to the answer for insufficiency.

As stated in complainant's brief, "The rescission put an end to the contract, and the parties thereafter stood in the same relation to each other as they would if there had never been any contract between them." The property and its earnings belonged to Merchant, precisely as though no contract of purchase ever existed. To the extent that these earnings are in the form of a liability from those who have had the use of the premises, Merchant, as the person entitled to them, may compel payment to himself. The complainant, for all that appears, may be an irresponsible person, and it would be a remarkable procedure if a court of equity should lend its aid to him to collect what in fact belongs to Merchant,

contrary to the latter's wish and against his interest. If Merchant is satisfied to look to the defendant for the earnings in question, Graham's responsibility ceases, and he cannot complain. He can have no interest in compelling payment to himself, notwithstanding Merchant's willingness to look to the defendant for the rentals, unless he expects to collect what is due from the defendant and then plead the judgment in his action against Merchant in bar of Merchant's right to recover from him, and, of course, to such an expedient equity will not give its aid.

The fact that the improvements for the use of which this suit is brought were made by Graham while he was the manager of the defendant, and paid for with defendant's money, is a good defense. The buildings so constructed belonged, so far as Graham is concerned, to the defendant. Without a rescission of the contract of purchase between him and Merchant, the most that he could claim from defendant under such circumstances is the value of the use of the premises without the improvements.

The exceptions to the answer are overruled.